Estridge *v.* Development Co.

MRS. EVELYN W. ESTRIDGE, Plaintiff and BIVENS FLOOR & CABINETS, INC., and HAWTHORNE SALES COMPANY, Intervenors v. CRAB ORCHARD DEVELOPMENT COMPANY, INC., and R. S. PATE

No. 6926SC330

(Filed 13 August 1969)

**Appeal and Error §§ 10, 41— dismissal of appeal — amendment of record**

Court of Appeals allows co-defendant's written motion to dismiss the appeal as to him on ground that the record on appeal does not contain any motion for judgment on the pleadings nor any other judgment applicable to co-defendant, even though intervenors' answer to the motion contains a judgment on the pleadings entered on behalf of co-defendant, since treating the answer as an amendment to the record would violate Rule of practice in the Court of Appeals No. 5.

Appeal by plaintiff and intervenors from *Ervin, J.,* at the 3 February 1969 Regular Civil "C" Session of Mecklenburg Superior Court.

In her complaint filed on 14 July 1967, plaintiff alleges that she is a creditor of Fred Denson (Denson) and wife, Letha B. Denson; that in 1960 Denson and wife assigned certain certificates of deposit in the amount of $70,500 to Crab Orchard Development Company, Inc. (Crab Orchard), and in exchange Crab Orchard agreed to assign all its corporate stock to Denson; and that because of this transaction the funds so assigned to Crab Orchard should be distributed in accordance with the law applicable to assignments for the benefit of creditors.

On 8 August 1967, an order was issued by Exum, J., restraining the distribution of the funds held by Crab Orchard until the matters set forth in plaintiff's complaint were adjudicated. By "consent order allowing intervention," Hawthorne Sales Company and Bivens Floor & Cabinets, Inc., were made parties to this action and allowed to assert their rights, as creditors of Denson and wife, against the defendants.

It is also alleged by the original plaintiff that on 31 December 1967 Crab Orchard assigned $10,000 interest in the certificates of deposit to R. S. Pate (Pate), and in consideration of this assignment Pate agreed not to institute a suit in any court or in any other way object to the assignment of the certificates of deposit by Denson and wife to Crab Orchard. Plaintiff alleges that this assignment to Pate constituted a preference.

Crab Orchard and Pate answered each of the complaints, and in

their answers each defendant alleged, as an affirmative defense, that the action which the plaintiff and the intervenors were attempting to maintain was created by G.S. 23-1, et seq., and, therefore, barred by the three-year statute of limitations as provided by G.S. 1-52. On 5 December 1968, Crab Orchard filed written motion for judgment on the pleadings on the ground that it appears upon the face of the pleadings that plaintiff's and intervenors' action is barred by the three-year statute of limitations. Pursuant to hearing, this motion was allowed and plaintiff and intervenors appealed.

*Henry E. Fisher for plaintiff appellant.*

*Craighill, Rendleman & Clarkson by Hugh B. Campbell, Jr., for intervenor appellants.*

*Barnes & Dekle by W. Faison Barnes for defendant appellee Crab Orchard Development Company, Inc.*

*Kennedy, Covington, Lobdell & Hickman by Hugh L. Lobdell for defendant appellee R. S. Pate.*

BRITT, J.

On 13 June 1969, Pate filed written motion in this Court for dismissal of this appeal as to him for the reason that the record now before us does not contain "any motion * * * for judgment on the pleadings nor any judgment applicable to this defendant." The motion is well taken. Intervenors' answer to the motion contains a judgment on the pleadings entered on behalf of the defendant Pate; however, to allow an amendment to the record at this time would, in essence, be allowing an appeal from an order entered on 12 February 1969. This, of course, would be in violation of Rule 5, Rules of Practice in the Court of Appeals of North Carolina.

This case was consolidated with the case of *Wilson v. Crab Orchard*, No. 6926SC257, for hearing in this Court. Rule 14, Rules of Practice in the Court of Appeals of North Carolina. The issues involved in the two cases are the same, except for the dismissal of defendant Pate, and the discussion set forth therein is equally applicable to this case. For the reasons stated in *Wilson v. Crab Orchard, supra*, the judgment of the superior court dismissing the actions of all plaintiffs against defendant Crab Orchard Development Company, Inc., is affirmed.

Affirmed as to Crab Orchard.

Appeal dismissed as to Pate.

MALLARD, C.J., and PARKER, J., concur.